UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMSON BENDER,

     Plaintiff,

v.                                                                    Case No: 8:23-cv-2950-KKM-JSS

DONMENICK G. LAZZARA,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which the court construes as a Motion for Leave to Proceed In Forma Pauperis. (Motion, Dkt. 2.) For the reasons that follow, the court recommends that the Motion be denied without prejudice and Plaintiff's Complaint (Dkt. 1) be dismissed without prejudice.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When considering a motion filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty,

is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As such, a court may not deny an in forma pauperis motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

Further, when a party seeks leave to proceed in forma pauperis, the court must review the case and dismiss it on its own accord if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court construes pleadings drafted by pro se litigants liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); however, they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

Upon review of the Motion, it appears that Plaintiff may be able to proceed in forma pauperis in this case. Nevertheless, the court recommends that the Motion be denied without prejudice and Plaintiff's Complaint be dismissed without prejudice for failure to properly invoke the court's jurisdiction or satisfy the pleading requirements of the Federal Rules of Civil Procedure.

Plaintiff brings his Complaint against Defendant Dommenick G. Lazzarra, Attorney at Law, seeking damages from Attorney Lazzarra's representation of

Plaintiff following a motor vehicle accident. *See* (Dkt. 1.) The factual allegations in Plaintiff's Complaint are contained within four paragraphs and assert generally that in December 2018, Defendant "misrepresented" Plaintiff by not giving him sufficient information about "the process," denied Plaintiff access to the courts by telling him that he would not receive as much money if he filed suit, breached a contract with Plaintiff whereby Defendant promised Plaintiff $30,000 minus Defendant's 33% fee, and improperly instructed Plaintiff to undergo therapy that further reduced the amount Plaintiff received. (Dkt. 1 at 4–5.) Plaintiff further alleges that he was injured because following the motor vehicle accident, Defendant "showed no concern for the Plaintiff['s] health [then] or future" but rather "only for his friends as he called them, both receiving over 10,000 dollars of the settlement." (*Id.* at 6.) As a result, Plaintiff seeks $30,000 in actual damages and $30,000 in punitive damages "because the defendant knew exactly what he was doing." (*Id.*)

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Upon consideration, the court finds that Plaintiff's Complaint fails to adequately invoke the court's jurisdiction and must be dismissed. *See* Fed. R. Civ. P. 8(a). "Federal courts are courts of limited jurisdiction," meaning that they have jurisdiction only over those cases "authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). As pleaded, Plaintiff's Complaint

appears to invoke this court's jurisdiction pursuant to a federal question. *See* (Dkt. 1.) A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When the court's jurisdiction is invoked based on a federal question, the plaintiff must plead a cause of action created by federal law, such as a violation of a federal statute, or state law claims that implicate significant federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *see also Gunn*, 568 U.S. at 258–60 (finding no federal question jurisdiction over legal malpractice claim arising from underlying patent case where any federal issue "is not substantial in the relevant sense"). In the Complaint, Plaintiff does not identify any cause of action created by federal law or claims based on state law that implicate significant federal issues. Rather, Plaintiff's claims appear to be for alleged legal malpractice, misrepresentation, and breach of contract arising from Defendant's representation of Plaintiff. (Dkt. 1.) Accordingly, the allegations in Plaintiff's Complaint do not sufficiently invoke the court's jurisdiction, and his Complaint must be dismissed.

Further, to the extent that Plaintiff may be able to adequately establish jurisdiction, the court finds that Plaintiff's Complaint fails to adequately state claims upon which relief may be granted. Fed. R. Civ. P. 8(a). As pleaded, Plaintiff's Complaint is an impermissible shotgun pleading as it fails to adequately separate each cause of action or claim for relief into different counts. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015). Although Plaintiff appears to be asserting multiple claims against Defendant, Plaintiff has not identified any specific

cause of action he is asserting and his Complaint "commits the sin of not separating

into a different count each cause of action or claim for relief." *Keppel v. Nocco*, No.

8:20-cv-3003-KKM-TGW, 2021 WL 4391839, at \*3 (M.D. Fla. Sept. 24, 2021)

(quoting *Weiland*, 792 at 1322–23).   Nor has Plaintiff supported his claims with

adequate factual allegations to put Defendant on notice of the claims asserted.  *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces

does not require 'detailed factual allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation.") (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555(2007)); *Weiland*, 792 at 1323 (shotgun pleadings generally fail "to

give the defendants adequate notice of the claims against them and the grounds upon

which each claim rests.").[1]   "The Eleventh Circuit has explained that shotgun

complaints are 'altogether unacceptable,' as they 'exact an intolerable toll on the trial

court's docket.'" *Shed v. Univ. of S. Fla. Bd. of Trustees*, No. 8:22-cv-1327-KKM-TGW,

2022 WL 3544397, at \*2 (M.D. Fla. Aug. 18, 2022) (citing *Cramer v. State of Fla.*, 117

F.3d 1258, 1263 (11th Cir. 1997)).

## CONCLUSION

Accordingly, it is **RECOMMENDED** that:

---

[1] The court further notes that to the extent Plaintiff is attempting to assert a legal malpractice claim, Plaintiff's claim may be barred by Florida's two-year statute of limitations, which runs "from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.11(4)(b); *see also Fremont Indem. Co. v. Carey Dwyer Eckhart Mason & Spring P.A.*, 271 F.3d 1272, 1274 (11th Cir. 2001) ("[W]hen a malpractice action is predicated on errors or omissions committed in the course of litigation, and that litigation proceeds to judgment, the statute of limitations does not commence to run until the litigation is concluded by final judgment.") (quoting *Fremont Indem. Co. v. Carey, Dwyer, Eckhart, Mason & Spring, P.A.*, 796 So. 2d 504 (Fla. 2001)).

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) be **DENIED without prejudice**.

2. Plaintiffs' Complaint (Dkt. 1) be **DISMISSED without prejudice** and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted). The court recommends that the amended complaint, if any, be due within 20 days of the date this Report and Recommendation becomes final.[2]

**IT IS SO REPORTED** in Tampa, Florida, on January 23, 2024.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Plaintiff intends to represent himself in this matter, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, or on the court's website at https://www.flmd.uscourts.gov/local-rules. If Plaintiff would like assistance in pursuing the claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: https://www.fedbar.org/prosehandbook.

- 7 -

## NOTICE TO PARTIES

A party has 14 days after being served with this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1).  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Unrepresented Party